IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRAZER CONSULTANTS, LLC,

                Plaintiff,                OPINION AND ORDER

  v.

                                            15-cv-558-wmc

BASS-MOLLETT PUBLISHERS, INC.,
and JIM MELLENTHIN

                Defendants.

---

Plaintiff Frazer Consultants, LLC, alleges that defendants Bass-Mollett Publishers, Inc. and one of its agents, Jim Mellenthin, infringed its copyright of an angel figurine, among other claims. Before the court is defendants' motion to transfer this case to the Southern District of Illinois under 28 U.S.C. § 1404(a). (Dkt. #13.) Because defendants have not met their burden of demonstrating that a transfer would be "clearly more convenient," the court will deny defendants' motion.

FACTS

Plaintiff Frazer Consultants, LLC, is a Wisconsin limited liability company with its principal place of business located in Middleton, Wisconsin. Consequently, the plaintiff's business records are located in the Western District of Wisconsin, including records relating to the copyrighted angel figurine. The principal of Frazer Consultants, Matt Frazer, personally resides within the Western District of Wisconsin.

Defendant Bass-Mollett Publishers, Inc., is an Illinois corporation with its principal place of business in Greenville, Illinois. Apart from two, isolated sales made by Bass-Mollett to Wisconsin residents, defendant asserts that all of the allegedly infringing

actions took place in the Southern District of Illinois, including the design, approval and storage of the alleged infringing figurines. Sales of the same figurines also originate in that district. Finally, all of Bass-Mollett's employees work in the Southern District of Illinois.

For his part, defendant Jim Mellenthin maintains a business that engages in a variety of activities and sells a variety of products and services in Wisconsin, including Bass-Mollett products.[1]

## OPINION

### I. Transfer of Venue under § 1404(a)

Under 28 U.S.C. § 1404(a), transfer may be granted where the moving party demonstrates that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the (a) convenience of the parties and witnesses; and (b) promote the interests of justice. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). Since the parties neither dispute that venue is proper in the transferor district nor that venue and jurisdiction are proper in the transferee district, the court will focus, as did the parties, on the third factor -- convenience of the parties and the interest of justice.

### A. Convenience

When determining whether a transferee forum is clearly more convenient the

---

[1] Plaintiff initially named another individual as a defendant, but that defendant has since been dismissed. (Dkt. #25.)

court considers: "(1) the plaintiff's choice of forum; (2) the convenience to parties; and (3) the convenience to witnesses." *Illumina, Inc. v. Affymetrix Inc.*, No. 09-CV-277-BBC, 2009 WL 3062786, at *2 (W.D. Wis. Sept. 21, 2009). As the moving party, defendants carry the burden to establish "that the transferee forum is clearly more convenient." *Coffey*, 796 F. 2d at 219-20. Given that this is plaintiff's home forum, defendants obviously face an uphill battle in attempting to meet this burden.

### 1. Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally given deference because of its convenience to the plaintiff, especially when it is their home forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). "Unless balance is strongly in Defendant's favor, Plaintiff's choice of forum should rarely be disturbed." *In Re National Presto Indus.*, 347 F.3d 662, 664 (7th Cir. 2003).

Defendants nevertheless argue that the court should place little weight on the plaintiff's choice of forum given that it is not the "situs of material events." Setting aside whether alleged *injury* to the value of plaintiff's copyright should be considered a material event sited in the district, courts generally give less deference to plaintiff's choice of forum when that forum is not its home forum *or* the situs of material events. *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC,* No. 14-CV-502-WMC, 2014 WL 6612881, at *3 (W.D. Wis. Nov. 20, 2014). Even in *Kimberly-Clark,* where the plaintiff's choice was neither the home forum nor the situs of material events, this court gave meaningful deference to the plaintiff's choice. While Wisconsin may not be the situs of material events (or at least *all* material events), defendants do not dispute -- nor

3

could they -- that plaintiff chose to proceed in its home forum. Thus, under *Piper Aircraft* and *National Presto*, this court is bound to give its choice deference.

### 2. Convenience of the Parties

Still, in determining the convenience of a particular forum to the parties, the court will take into consideration the location of the sources of proof, such as technical and legal documents in possession of the parties. *Illumina*, 2009 WL 3062786 at *3; *e2Interactive, Inc. v. Blackhawk Network, Inc.*, No. 09-CV-629-SLC, 2010 WL 3937911, at *3 (W.D. Wis. Oct. 6, 2010). Because of technological advancements and the ease with which the court and the parties can access sources of proof from anywhere in the country with relative ease, the physical location of documents is generally given little weight and has almost become a non-issue. *Amtran Tech v Funai Elec.*, No. 08-CV-740-BBC, 2009 WL 1139591 at *4 (W.D. Wis. 2009). Even if it were an issue, one of the parties and at least some of its proof are located in the Western District of Wisconsin, while the other party and the bulk of its proof are located in the Southern District of Illinois. As such, this factor is neutral.

While § 1404(a) does not specifically provide that the convenience of counsel is a factor to be considered, both parties argue its relevance in determining whether to transfer the case. *Gibson v Unum Life Insurance Company of America*, No. 10-CV-246-BBC, 2010 WL 3244901 at *1 (W.D. Wis. Aug. 16, 2010) (comparing *Chicago v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955), *with Frulla v. CRA Holdings, Inc.*, 596 F. Supp. 2d 275, 291 (D. Conn. 2009)). Even if the court were to consider this factor, named counsel of record for plaintiff and defendants are all located in this state, making the Southern

4

District of Illinois less convenient. While defendants represent that their "lead counsel" is in St. Louis, that attorney has not entered an appearance in this case to date. This factor would, at most, also be neutral.

### 3. Convenience of the Witnesses

As for the convenience of both party and non-party witnesses, defendants again bear the burden to "'clearly specify the key witnesses to be called' and submit 'affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony.'" *Gibson,* 2010 WL 3244901 at *2 (quoting *Generac Corp. v. Omni Energy Sys., Inc.,* 19 F. Supp. 2d 917, 923 (E.D. Wis. 1998)). Also, when non-party witnesses are under the control of a party, the convenience of these witnesses is not a heavily weighted factor. *Illumina*, 2009 WL 3062786 at *5.

Defendants argue that most of the documents and witnesses that will be their sources of proof are located in the Southern District of Illinois. Also, defendants argue that many of the witnesses *plaintiff* might call are employees of defendant Bass-Mollett Publishers located in the Southern District of Illinois. Given this court's limited subpoena authority over these potential witnesses, plaintiff would be unable to compel their appearance at trial. This concern rings hollow on a number of levels. First, in so arguing, defendants essentially concede its ability to require its own employees to appear as witnesses. Second, the court is disinclined to give much weight to defendants' expressed concern for plaintiff's inability to do the same. Obviously, this was a tradeoff that plaintiff was happy to make in order to proceed in its home forum. Third, the

5

importance of in-person testimony has lessened where (1) "depositions are customary and are satisfactory as a substitute for technical issues," and (2) live video conferencing has both become more common and an increasingly closer approximation to in-person, even as to credibility. *Adams v. Newell Rubbermaid Inc.*, No. 07-C-313-S, 2007 WL 5613420, at *3 (W.D. Wis. Aug. 21, 2007); *Illumina*, 2009 WL 3062786 at *3. Moreover, plaintiff represents that it does have some witnesses in the Western District of Wisconsin. Therefore this factor is also neutral, and certainly not enough alone to make it *clearly* more convenient to warrant transfer.

### B. Interests of Justice

"The 'interests of justice' is a separate component of a § 1404(a) transfer analysis," which may be determinative and demand a decision contrary to analysis of the convenience factors. *Coffey*, 796 F.2d at 220. Traditionally, this analysis relates to the "efficient administration of the court system," considering such factors as: (1) the district in which the litigants would receive a speedier trial; (2) whether there is related litigation in the transferee district that may allow consolidation; (3) the courts' relative familiarity with the applicable law; and (4) the relation of each community to the controversy at issue. *Id*. at 221; *Illumina*, 2009 WL 3062786 at *5; *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

There is some argument between the parties as to the exact difference between the two courts in terms of speed to trial, how to measure this difference, and how this affects the interests of justice. Plaintiff argues that the difference in time to trial very heavily

favors a denial of transfer. Meanwhile, defendants argue that the difference is not actually as large as plaintiff claims. Regardless, the burden is again on defendants to show that the interest of justice favors transfer. If anything, here, the interests of justice favor denial of transfer.

As a result, the defendants have *wholly* failed to establish that a transfer would be clearly more convenient *or* serve the interests of justice, and the court will deny their motion.

## ORDER

IT IS ORDERED that defendants Bass-Mollett Publishers, Inc. and Jim Mellenthin's motion to transfer to the Southern District of Illinois (dkt. #13) is DENIED.

Entered this 14th day of March, 2016.

                        BY THE COURT:

                        /s/
                        _____
                        WILLIAM M. CONLEY
                        District Judge